IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
01 SEP 19 PM 3:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
SEP 19 2001

| | |
|---|---|
| HAROLD DOUGLAS BAKER, | ) |
| Plaintiff | ) |
| vs. | ) CASE NO. CV01-AR-0167-M |
| DIANA DUBOISE, et al., | ) |
| Defendants | ) |

## MEMORANDUM OPINION

The above-entitled civil action is before the court on the Motion to Dismiss filed by defendant, Byron Waldrop [Doc. #8]. This action is also before the court for preliminary review pursuant to 28 U.S.C. § 1915A.

Plaintiff, Harold Douglas Baker, filed a complaint pursuant to 42 U.S.C. § 1983 on December 2, 2000.[1] Plaintiff names as defendants Diana Duboise, Judge Tim Jolly, Byron Waldrop, Jenny Daniels and Roger Centers. He alleges that on September 24, 1998, defendants violated his right to due process of law and placed him in double jeopardy in connection with a criminal prosecution against him. He asks for compensatory and punitive damages. Specifically, plaintiff alleges:

---

[1] While the complaint was not stamped "filed" until December 14, 2000, it was signed by plaintiff on December 2, 2000. Plaintiff is an inmate, and the "mailbox rule" set out in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), dictates that the date on which plaintiff delivered the complaint to prison authorities for mailing is considered as the filing date. *See also Garvey v. Vaughn*, 993 F.2d 776 (11th Cir. 1993) (following *Houston v. Lack*).

> Double Jeopardy I was tride on four counts on two different people I was tried on two counts on two different people at the same time and case Hence your petitioner's Sixth Fifth and Fourteenth United States Constitutional rights have been vilated along with your petitioner's Art. (I) and (6) Alabama Constution 1901 Constutional rights have been violated and your petitioner denied due process of law. Therefore your petitioner's conviction and sentence are due to be immediatly vacated by this Honorable Court. [sic]

Plaintiff also claims in his complaint:

> Prosecutor's misinterpretation of cort opinion without more regardless of whether interpretation would or would not improve chance of conviction does not descend to the level of intentonal misconduct gross negligence or prosecutorial overreaching sufficint to warrant dismissal of indictment on gronds of double jeopardy. [sic]

[Doc. #1, p.3].

In his motion to dismiss, defendant Byron Waldrop states that he is an Assistant District Attorney for Marshall County, Alabama. Waldrop contends that this action is due to be dismissed as against him on the basis of prosecutorial immunity. He also asserts the complaint is due to be dismissed in its entirety because plaintiff has failed to allege or prove that the conviction and sentence about which he complains have been reversed, set aside or otherwise called into question. Defendant further asserts that the complaint is due to be dismissed as barred by the applicable statute of limitations.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. While the former 28 U.S.C. § 1915(d) permitted the court to dismiss claims *sua sponte* only if the court found them frivolous or malicious, the new § 1915A directs the court, in effect, to make and rule on its own motion to dismiss the complaint prior to service. In order to protect a *pro se* prisoner's right of access to the courts, however, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

Defendant Byron Waldrop is entitled to absolute immunity for his prosecutorial actions. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The United States Supreme Court held in *Imbler* that state prosecutors have absolute immunity for their prosecutorial actions in cases seeking money damages. Therefore, defendant's motion to dismiss is due to be granted.

Plaintiff's complaint is also due to be dismissed with respect to Judge Tim Jolly. Judges are entitled to the defense of absolute immunity and are not subject to liability for damages for actions committed within their jurisdiction. This immunity has been specifically extended to

§ 1983 actions. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Moreover, this immunity applies even when the judicial acts are done maliciously or corruptly. *Stump, supra; Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986); and *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985).

Plaintiff's entire complaint is due to be dismissed under the rationale of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994), because it is an attempt to undermine a criminal conviction. The Supreme Court held in *Heck v. Humphrey* that:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87, 114 S. Ct. at 2372. Plainly, the allegations here go directly to the validity of the conviction and sentence. Because plaintiff has not alleged or shown that he has had the conviction and sentence set aside or otherwise invalidated, he cannot state a § 1983 claim against these defendants.

4

In addition to damages, plaintiff's complaint also may be read to seek an order vacating his conviction and sentence. When a state prisoner challenges the "fact or duration" of his imprisonment, his initial grounds for challenge is by petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Keenan v. Bennett*, 613 F.2d 127 (5th Cir. 1980). Plaintiff cannot claim his suit is cognizable under § 1983, thereby averting the exhaustion requirements in a habeas action. *Richardson v. Fleming*, 651 F.2d 366 (11th Cir. 1981); *Keenan, supra*. The court takes judicial notice of *Harold Douglas Baker v. Warden Billy Owens, et al.*, CV01-S-0495-M (N.D.Ala.)., in which plaintiff filed a petition for writ of habeas corpus. The petition was dismissed without prejudice on June 13, 2001, to allow petitioner to exhaust available state remedies with respect to his claims.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 19th day of September, 2001.

                                                WILLIAM M. ACKER, JR.
                                                UNITED STATES DISTRICT JUDGE